**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-093-SCR-DCK**

| | | |
|---|---|---|
| **ELIZABETH ANN CHEVEZ,** | ) | |
| | ) | **MEMORANDUM AND RECOMMENDATION** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEPHEN HIGDON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss On Behalf Of Defendant Judge Stephen Higdon" (Document No. 7). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Elizabeth Ann Chevez ("Plaintiff" or "Chevez") appearing *pro se* filed a form "Complaint For A Civil Case" (Document No. 1) (the "Complaint") on February 4, 2026. The Complaint alleges that District Court Judge Stephen Higdon ("Defendant" or " Judge Higdon") "deprived plaintiff of rights including parental rights, due process and equal protection." (Document No. 1, p. 3). Plaintiff contends that Judge Higdon "ordered a false protective order that violated my rights . . . [and] separated me from my two biological children." (Document No. 1, p. 4). Plaintiff seeks $75,000 in damages for "emotional stress." Id.

In response, the "Motion To Dismiss On Behalf Of Defendant Stephen Higdon" (Document No. 7) and "Memorandum In Support…" (Document No. 8) were filed on March 9,

2026. Judge Higdon seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (2), and (6). (Document Nos. 7 and 8).

On April 3, 2026, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff "of the right to respond to Defendant's motion" and "that failure to respond may result in Defendant[]" being granted the relief sought, that is, the dismissal of the Complaint." (Document No. 9). Plaintiff was ordered to "file a response to the pending 'Motion To Dismiss On Behalf Of Defendant Judge Stephen Higdon' (Document No. 7) on or before **April 24, 2026**." Id. It appears that Plaintiff was served with the undersigned's Roseboro Order via certified U.S. mail in early April 2026. See (Document No. 10).

To date, Plaintiff has failed to file a response to the pending motion to dismiss, or to request an extension of time to do so. In fact, Plaintiff has not made any filing in this action since the Complaint was filed on February 4, 2026.

The pending motion is ripe for review and a recommended disposition to the Honorable Susan C. Rodirguez.

## III. DISCUSSION

Judge Higdon contends that Plaintiff's claims are "an impermissible attempt to collaterally attack state court judgments to interfere with an active domestic violence dispute in the Union County District Court." (Document No. 8, p. 1) (citing Document No. 1). Judge Higdon then summarizes his position as follows:

> Plaintiff's claims are barred by the Eleventh Amendment and the *Rooker–Feldman* doctrine, depriving this Court of subject matter jurisdiction and personal jurisdiction. Independent of these threshold defects, the Complaint must be dismissed in its entirety because Defendant Judge Higdon has absolute judicial immunity, and the pleading fails to state a claim upon which relief may be granted.

(Document No. 8, p. 2).

The undersigned finds Defendant's arguments to be thorough and compelling. (Document No. 8). In particular, the following statements aptly summarize the strength of Defendant's motion to dismiss:

> Defendant Judge Higdon is a District Court Judge in Union County, North Carolina and, as such, is a state judicial official of the District Court Division of North Carolina's General Court of Justice. N.C. Const. art. XIII; N.C. Gen. Stat. § 7A-140. Because Judge Higdon's alleged conduct arises entirely from his role presiding over the domestic violence proceedings at the center of this Complaint, he is entitled to the full protections of Eleventh Amendment immunity. . . .
>
> The *Rooker–Feldman* doctrine bars Plaintiff's claims. Plaintiff's allegations concern Defendant Judge Higdon's conduct in connection with domestic violence protective order. [DE 1 at 4] Plaintiff seeks monetary relief that would require this Court to review Defendant Judge Higdon's judicial acts in the exercise of their jurisdiction in these proceedings and determine that those protective orders were entered in error. [Id.] This would amount to an appellate review of state domestic violence proceedings, precisely the type of review *Rooker–Feldman* prohibits. . . .
>
> Plaintiff's claims against Defendant Judge Higdon arise from his acts in the domestic violence proceedings in Union County and does not allege any actionable conduct. [DE 1 at 4]. Plaintiff simply disagrees with Defendant Judge Higdon's determinations and claims that his judicial decisions were "biased after hearing my husbands ex parte accusations" at the disposition hearings [DE 1 at 4]. Plaintiff's allegations are unfounded because Defendant Judge Higdon did not order a protective order in the case. . . .
>
> Defendant Judge Higdon did not enter the domestic violence protective order in dispute, however any judge's determination in doing so was within their jurisdiction and ability to do so, and not "false." [DE 1 at 4].

(Document No. 8, pp. 7-8, 11, 13-14)

Defendant also persuasively argues that Plaintiff has failed to allege sufficient facts to support a claim. (Document No. 8, pp. 15-17).

Based on Defendant's arguments and the lack of any response from Plaintiff, the undersigned finds that this action should be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss On Behalf Of Defendant Judge Stephen Higdon" (Document No. 7) be **GRANTED** and this action **DISMISSED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk of Court is directed to send a copy of this Memorandum And Recommendation to *pro se* Plaintiff by certified U.S. Mail, return receipt requested.

**IT IS SO RECOMMENDED**.

Signed: August 11, 2026

David C. Keesler
United States Magistrate Judge